**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JULIAN J. PARDINI, SB# 133878
  Email: Julian.Pardini@lewisbrisbois.com
ROGER S. RAPHAEL, SB# 111946
  Email: Roger.Raphael@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendants TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| THE NORTHERN CALIFORNIA GOLF ASSOCIATION, a California Corporation; POPPY HOLDING, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation; and DOES 1 through 50,<br><br>Defendants. | CASE NO. _____<br><br>**DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S NOTICE OF REMOVAL TO FEDERAL COURT** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION:**

Defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (hereinafter "TRAVELERS"), file this Notice under the provisions of 28 U.S.C. §§ 1441, 1446, and Federal Rules of Civil Procedure, Rule 81(c).

**STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVAL**

Defendant TRAVELERS files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, and removes this action to the United States District Court for the Northern District of California, for the following reasons:

///

///

1. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant TRAVELERS pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different States, and the amount in controversy as alleged in the complaint exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1441(a) because Defendant TRAVELERS removes to the district court of the United States for the district and division embracing the place where such action is pending in state court, the Superior Court of the State of California in and for the County of Monterey.

3. On June 10, 2015, Plaintiffs THE NORTHERN CALIFORNIA GOLF ASSOCIATION and POPPY HOLDING, INC. (hereinafter "Plaintiffs"), by and through their attorney of record, Kathryn C. Curry, commenced a civil action in the Superior Court of the State of California in and for the County of Monterey against Defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Monterey County Superior Court Case No. M132290. A true and correct copy of the summons and complaint is attached as **Exhibit A**.

4. Service of summons and complaint of the above-referenced state court action was accomplished on June 15, 2015. Thus, the time limit for removal set forth in 28 U.S.C. § 1446(b) has been satisfied.

5. The basis for removal is that Plaintiffs, California Corporations with their principal place of business in Pebble Beach, California, are citizens and residents of the State of California, while Defendant TRAVELERS is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. This Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332.

6. In their complaint the Plaintiffs allege that a policy of insurance issued by TRAVELERS to the NORTHERN CALIFORNIA GOLF ASSOCIATION provides coverage to them for certain investigation and legal costs. Plaintiffs have separately claimed that these amounts exceed $83,000, net of the subject insurance policy's deductible. They contend that TRAVELERS is obligated to pay these amounts. They further seek attorneys fees, exemplary damages and other

damages, as set forth in their Complaint. Thus, the amount of Plaintiffs' claim, exclusive of interest and costs exceeds $75,000, as required for removal pursuant to 28 U.S.C. §1332.

**WHEREFORE,** Defendant TRAVELERS respectfully prays that this Notice of Removal be deemed good and sufficient, and that Case No. M132290 be removed from the Superior Court of California, County of Monterey, to the docket of this Honorable Court.

DATED: July 14, 2015          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _/s/ Roger S. Raphael_
JULIAN J. PARDINI
ROGER S. RAPHAEL
Attorneys for Defendants TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA



4841-4810-6789.1

3

DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S NOTICE OF REMOVAL TO FEDERAL COURT

# EXHIBIT A

4830-6663-2981.1

**SUMMONS**
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Connecticut Corporation; and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

The Northern California Golf Association, a California Corporation; Poppy Holding Inc., a California Corporation, ~~and DOES 1 through 50~~

**COPY**
SUM-100

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**

JUN 10 2015

TERESA A. RISI
CLERK OF THE SUPERIOR COURT
_____ DEPUTY

CARMEN B. OROZCO

BY FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** *(Número del Caso):* M 132290

Superior Court of California in and for the County of Monterey
1200 Aguajito Road, Monterey, CA 93940

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kathryn C. Curry, GCA Law Partners LLP, 2570 W. El Camino Real, Ste 510 Mountain View, CA 94040

| DATE: *(Fecha)* JUN 10 2015 | TERESA A. RISI Clerk, by *(Secretario)* CARMEN B. OROZCO | Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: TRAVELERS CASUALTY and SURETY company of AMERICA Connecticut corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

KATHRYN C. CURRY (SBN 157099)
E. DAVID MARKS (SBN 136567)
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 510
Mountain View, CA 94040
Telephone: (650) 428-3900
Facsimile: (650) 428-3901
Email: kcurry@gcalaw.com
dmarks@gcalaw.com

Attorneys for Plaintiffs The Northern California
Golf Association and Poppy Holding, Inc.

COPY FILED
JUN 1 0 2015
TERESA A. RISI
CLERK OF THE SUPERIOR COURT
_____DEPUTY
CARMEN B. OROZCO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| THE NORTHERN CALIFORNIA GOLF ASSOCIATION, a California Corporation; POPPY HOLDING, INC., a California Corporation;<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation; and DOES 1 through 50;<br><br>Defendants. | CASE NO. C 132290<br><br>COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT<br>2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>3. VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200<br>4. DECLARATORY RELIEF<br><br>**DEMAND FOR JURY TRIAL**<br><br>CASE PROGRESS CONFERENCE<br>DATE: _____<br>TIME: 9:00 AM<br>COURTROOM: _____ |

Plaintiffs THE NORTHERN CALIFORNIA GOLF ASSOCIATION and POPPY HOLDING, INC. complain of defendants, and each of them, as follows:

### PARTIES

1.  Plaintiffs THE NORTHERN CALIFORNIA GOLF ASSOCIATION and POPPY HOLDING, INC. (hereinafter collectively referred to as "Plaintiffs") are, and at all times mentioned herein, California corporations with their principal place of businesses in Pebble Beach, California.

2. Plaintiffs are informed and believe and thereon allege that at all relevant times Defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (hereafter "TRAVELERS") was a Connecticut corporation qualified to do business and engaged in the business of insurance in the State of California.

3. Plaintiffs are informed and believe and thereon allege that DOES 1 through 25 issued or sold one or more insurance policies to Plaintiffs and are corporations or other entities authorized to do and are doing business in the State of California as insurers. The true identities of DOES 1 through 25 are currently unknown to Plaintiffs and Plaintiffs, therefore, pray for leave to amend this complaint to assert the proper name of each insurer when its identity is discovered.

4. Plaintiffs are informed and believe and thereon allege that DOES 26 through 50 are persons, corporations or other entities who are authorized to do and are doing business in the State of California. Each of the DOES 26 through 50 was the managerial agent, employee, predecessor, successor, joint-venturer, co-conspirator, alter-ego, and/or representative of TRAVELERS or identified as DOES 1 through 25, and acted with the permission, authorization and/or ratification and consent of the other Defendants. The true identities of DOES 26 through 50 are currently unknown to Plaintiffs and Plaintiffs, therefore, pray for leave to amend this Complaint to assert the proper name of each DOE defendant when its identity is discovered.

5. Plaintiffs are informed and believe, and thereon allege, that each fictitiously named defendant is in some way responsible for, participated in, or contributed to the matters of which Plaintiffs complain and has legal responsibility for those matters.

6. Plaintiffs are informed and believe and thereon allege that, at all times relevant to the allegations contained in this complaint, there exists and existed such a unity of interest, ownership and control between defendants TRAVELERS and DOES 1-50 such that there was no separateness or individuality of these defendants. As a result of this unity of ownership, control or interest between and among the defendants,

- 2 -
COMPLAINT

adherence to the fiction of any of their separate existences would, under the circumstances in this case, sanction fraud and promote injustice, unfairness and inequity. As such, Plaintiffs are informed and believe and thereon allege that TRAVELERS and DOES 1-50 are the alter egos of the other.

## VENUE

7. The contracts alleged in this complaint were entered into and were to be performed in Monterey County, California.

8. By this Complaint, Plaintiffs are seeking in excess of the jurisdictional minimum of this court.

## COMMON FACTUAL ALLEGATIONS

9. TRAVELERS issued a Wrap+ policy, no. 105723993, to Plaintiffs, effective January 1, 2013 through January 1, 2014 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

10. The Policy contains the following liability coverages:

- Directors and Officers Liability;
- Employment Practices Liability; and
- Fiduciary Liability.

11. The limit of liability for all claims is $2,000,000 and there is a $35,000 retention limit for each claim.

12. On May 21, 2013, Dan Hansford, President of Plaintiffs' Board of Directors (the "Board") received an email from an employee regarding his own and other employees' complaints about a supervisor's conduct. The employee requested the Board conduct an independent investigation.

13. In compliance with its legal obligations under the Fair Employment and Housing Act, Cal. Gov. Code section 12940(j) and (k), the Board promptly undertook an independent investigation. The Board requested its outside counsel, GCA Law Partners LLP ("GCA"), to advise on the situation and an independent investigator, Confidante, to conduct an independent investigation.

14. On June 3, 2013, Plaintiffs, through its attorneys, tendered the claim to TRAVELERS through Interwest Insurance Services, Inc. (the NCGA's insurance broker). ("First Claim.") GCA advised Interwest that Confidante had been retained to conduct an independent investigation and that GCA, Plaintiffs' employment counsel, was providing legal representation with respect to the matter. Plaintiffs requested TRAVELERS' approval for GCA to handle the investigation.

15. On June 5, 2013, TRAVELERS acknowledged receipt of the First Claim, which was assigned to William Thomas for handling. That day, Mr. Thomas asked the NCGA for additional information, which was provided.

16. By letter dated June 11, 2013, TRAVELERS denied coverage for the First Claim based on a "preliminary evaluation of coverage." TRAVELERS determined no "Employment Claim" has been made against an Insured within the meaning of the Policy. Although the employees' complaints constituted "Workplace Harassment," the email did not make a "demand." As such, TRAVELERS determined the matter does not rise to the level of a "Claim" within the meaning of the Policy.

17. On July 1, 2013, Plaintiffs, through their attorneys, sent a letter to TRAVELERS requesting it to reconsider its coverage decision. Plaintiffs argued the Policy defined an "Employment Claim" as "a written demand for monetary damages or non-monetary relief" and the employee's email demanded that an independent investigation be conducted. The legally-required investigation that pursued was a form of non-monetary relief.

18. The next day, on July 2, 2013, William Thomas from TRAVELERS sent a letter denying the request for reconsideration. Although an investigation may constitute "other monetary relief," TRAVELERS concluded no demand had been made because the author of the email stated only that a Human Resources consultant had recommended that an investigation be conducted. Accordingly, TRAVELERS continued to maintain its coverage position from June 11, 2013.

19. On July 10, 2013, after the independent investigation was completed,

- 4 -

Plaintiffs terminated the employment of the supervisor who was the subject of the investigation.

20. On July 12, 2013, the attorney for the terminated supervisor sent a letter to Plaintiffs claiming his client had been wrongfully terminated and demanded mediation. (The "Employment Claim.")

21. On July 17, 2013, Plaintiffs tendered the Employment Claim to TRAVELERS.

22. On August 26, 2013, TRAVELERS accepted the defense of the Employment Claim as of July 17, 2013, the date of tender. TRAVELERS accepted the defense, however, under a reservation of rights.

23. On August 30, 2013, Plaintiffs, through their attorneys, requested that TRAVELERS provide independent ("*cumis*") counsel pursuant to California Civil Code §2860 (b) for the defense of the Employment Claim. TRAVELERS' orally denied the request.

24. On or about October 15, 2013, the file was transferred by TRAVELERS to its chosen panel counsel, Gordon & Rees. GCA assisted in the transfer of the case to Gordon & Rees and spent time getting Gordon & Rees up to speed at Gordon & Rees' request.

25. On October 23, 2013, TRAVELERS sent a letter to Plaintiffs formally denying the request for independent counsel.

26. In March 14, 2014, a dispute arose between TRAVELERS and Plaintiffs over the satisfaction of the $35,000 deductible for the Employment Claim. Plaintiffs contended they had fully paid the deductible.

27. After an unsuccessful mediation of the Employment Claim, on August 13, 2014, Plaintiffs received a demand for arbitration along with a complaint in arbitration in the Employment Claim.

28. On September 18, 2014, Plaintiffs forwarded the arbitration complaint to TRAVELERS along with a request for reconsideration of TRAVELERS' denial of the First

Claim. Plaintiffs also renewed their request for *cumis* counsel.

29. On October 3, 2014, TRAVELERS sent a supplemental coverage letter asserting new coverage defenses to the Arbitration Complaint. TRAVELERS again denied Plaintiffs' request for *cumis* counsel and re-affirmed its denial of the Prior Claim.

30. After a conference call with Plaintiffs' attorneys, TRAVELERS sent another letter dated October 9, 2014, continuing to uphold its prior coverage decisions.

31. On November 10, 2014, Plaintiffs, through their attorneys, sent another letter contesting the legal and factual assertions in TRAVELERS' October 9, 2014 correspondence. Plaintiffs also set forth legal authority to support its coverage position.

32. TRAVELERS never responded to Plaintiffs' November 10, 2014 letter.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

33. Plaintiffs allege and incorporate by reference all of the allegations contained in paragraphs 1 through 32, inclusive.

34. Plaintiffs have performed all the conditions, covenants and promises on their part to be performed as required by the Policy identified herein, except as excused by TRAVELERS' acts or omissions.

35. TRAVELERS has failed and refused, and continues to fail and refuse, to perform the conditions of the Policy, on its part, in that TRAVELERS has failed and refused to accept coverage for the First Claim; failed to give Plaintiffs credit towards the deductible for fees and costs paid by Plaintiffs; and failed to appoint *cumis* counsel as requested by Plaintiffs for the Employment Claim.

36. As a legal result of TRAVELERS' breach of contract, Plaintiffs have sustained compensatory damages, incidental damages and other consequential damages legally caused by TRAVELERS' acts or omissions in an amount according to proof at trial.

37. As a legal result of defendant's breach of the insurance policies alleged herein and refusal to pay the insurance benefits required by the policies, Plaintiffs were

- 6 -
COMPLAINT

required to employ an attorney to obtain said policy benefits and is entitled to recovery of attorney's fees and costs incurred to recover said policy benefits.

WHEREFORE, Plaintiffs demand judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

38. Plaintiffs allege and incorporate by reference all of the allegations contained in paragraphs 1 through 37, inclusive.

39. An implied duty of good faith and fair dealing was, and is, implied in each of the insurance policies alleged herein by reason of TRAVELERS' status as an insurer providing insurance coverage to Plaintiffs in the State of California.

40. TRAVELERS breached its duty of good faith and fair dealing by unreasonably withholding the benefits due under the insurance policies alleged herein.

41. Plaintiffs are informed and believe, and thereon allege, that TRAVELERS, and breached its duty of good faith and fair dealing in multiple ways, including, but not limited to the following:

a. Wrongfully and unreasonably failing to pay the policy benefits due to Plaintiffs;

b. Deliberately, unreasonably and unjustifiably failing to timely and fully pay Plaintiffs' claim under the policy;

c. Unreasonably withholding full policy benefit payments from Plaintiffs in bad faith, knowing Plaintiffs' claim for benefits under the policy to be valid;

d. Misrepresenting pertinent facts relating to the insurance coverage at issue;

e. Failing to timely and properly pay the policy benefits after liability for them had become reasonably clear;

f. Failing to provide a timely and reasonable explanation of the basis upon which policy benefits were withheld;

g. Compelling Plaintiffs to incur legal and other expenses to obtain insurance

- 7 -
COMPLAINT

benefits;

h. Imposing unreasonable demands and requests upon Plaintiffs, under all of the circumstances;

i. Failing to reasonably evaluate and assess information and data submitted by Plaintiffs;

j. Failing to acknowledge and act reasonably promptly upon communications with respect to the claim asserted by Plaintiffs arising under the policy;

k. Engaging in other acts or omissions constituting a breach of the duty of good faith and fair dealing resulting in the wrongful and unreasonable withholding of policy benefits due Plaintiffs.

42. Without any reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, TRAVELERS has failed and refused to act in good faith or act fairly toward Plaintiffs, and has, in bad faith, failed and refused to perform its obligations under the Policy, and under the Laws of the State of California.

43. Due to the unreasonable conduct of TRAVELERS, Plaintiffs have been deprived of proceeds legitimately due, have been forced to expend monies amounts in furtherance of a claim that was easily capable of resolution on a reasonably prompt basis, and have suffered substantial economic damage, and Plaintiffs still have not received proper payment under the policy.

44. TRAVELERS' willful conduct as described herein constitutes part of TRAVELERS' overall scheme to reduce the costs of legitimate insurance claims. TRAVELERS' conduct as described herein constitutes an illegal pattern and practice so pervasive as to amount to an unfair and unlawful business practice.

45. As a direct, proximate and legal result of said breaches of the covenant of good faith and fair dealing by TRAVELERS, Plaintiffs have been, and continue to be, damaged in an amount according to proof, and Plaintiffs have been required to expend attorney's fees and costs in pursuing relief to which they are entitled as a matter of law. Pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, Plaintiffs are entitled to

attorney's fees and costs reasonably incurred to compel the payment of benefits due under the policy.

46. As a further direct, proximate and legal result of the wrongful conduct of TRAVELERS, Plaintiffs have also sustained other economic damages and other damages in an amount to be proven at trial.

47. In doing the acts or omissions alleged herein, TRAVELERS acted unreasonably and in conscious disregard to the rights of Plaintiffs. TRAVELERS ratified the acts or omissions committed by its respective employees, agents and representatives. Said conduct was performed in a manner to constitute oppression, fraud or malice and entitles Plaintiffs to punitive and exemplary damages in an amount according to proof at trial.

WHEREFORE, Plaintiffs demand judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Unfair Business Practices)

48. Plaintiffs allege and incorporate by reference all of the allegations contained in paragraphs 1 through 47, inclusive.

49. TRAVELERS' acts and practices, described herein, constitute unlawful, unfair, or fraudulent business practices in violation of the Unfair Competition Law, California Business & Professions Code sections 17200 et al.

50. TRAVELERS' acts and practices, described herein, caused specific pecuniary harm to Plaintiffs in an amount to be proved at trial.

51. The above-described unfair, unlawful, and fraudulent business practices conducted by TRAVELERS present a threat and likelihood of harm and deception to members of the TRAVELERS public in that Plaintiffs are informed and believe that TRAVELERS has systematically perpetrated and continues to perpetrate the unfair, unlawful and fraudulent conduct upon members of the public by engaging in the behavior described herein.

52. Pursuant to California Business and Professions Code sections 17200,

17203 and 17204, Plaintiffs seeks an order enjoining the Defendants from continuing their unlawful, fraudulent, and deceptive business practices.

53. Plaintiffs also additionally request an order awarding Plaintiffs restitution of all monies wrongfully acquired by TRAVELERS by means of such unlawful acts and practices, so as to deter TRAVELERS and to rectify TRAVELERS' unfair and unlawful practices and to restore any and all monies to Plaintiff by TRAVELERS, plus interest, attorneys' fees and costs pursuant to, inter alia, California Code of Civil Procedure section 1021.5.

54. The conduct alleged herein was willful, malicious, and oppressive, further justifying an award of punitive damages for the purpose of deterring TRAVELERS from similar conduct in the future.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief)

55. Plaintiffs allege and incorporate by reference all of the allegations contained in paragraphs 1 through 47, inclusive.

56. Pursuant to California Code of Civil Procedure § 1060, Plaintiffs seek a declaration and order that TRAVELERS is obligated, under its insurance policy, to pay all attorney's fees and costs incurred by Plaintiffs with respect to the First Claim.

57. Plaintiffs also seek a declaration and order that: (a) the deductible for the Employment Claim has been fully satisfied; (b) TRAVELERS is required to pay Plaintiffs (or credit the deductible) all legal fees and costs incurred by the GCA from the time the Employment Claim was made until the defense was assigned by TRAVELERS to Gordon & Rees; (c) TRAVELERS is required to pay Plaintiffs (or credit the deductible) for the time charged by Plaintiffs' attorney to get Gordon & Rees up to speed; and (d) TRAVELERS is required provide *cumis* counsel to Plaintiffs for the Employment Claim.

58. Plaintiffs allege on information and belief that Defendants dispute the relief that Plaintiffs seek. Consequently, an actual and justiciable controversy exists between Plaintiffs and TRAVELERS concerning TRAVELERS obligations under the

insurance policy at issue in this case.

59. A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that Plaintiffs may ascertain their rights under TRAVELERS' insurance policies. A judicial declaration of Plaintiffs' rights under the insurance policies at issue will also obviate seriatim litigation and a multiplicity of actions that would otherwise result from the actual and justiciable controversy between Plaintiffs and TRAVELERS concerning their respective rights and obligations under the insurance policies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against TRAVELERS and DOES 1 through 50, and each of them, as follows:

1. For damages according to proof;

2. For special damages according to proof;

3. For a judicial order permanently enjoining Defendants from performing or proposing to perform any of the aforementioned acts of unfair and deceptive business practices pursuant to sections 17203 and 17204 of the Business and Professions Code;

4. For a judicial order of restitution and/or disgorgement of profits made by Defendants as a result of the aforementioned acts of unfair and deceptive business practices pursuant to sections 17203 and 17204 of the Business and Professions Code;

5. For punitive and exemplary damages according to proof;

6. A judicial declaration and order that:

(a) Defendants are obligated, under their insurance policies, to pay all attorney's fees and costs incurred by Plaintiffs with respect to the First Claim;

(b) The $35,000 deductible for the Employment Claim has been fully satisfied;

(c) Defendants are required to pay Plaintiffs (or credit the deductible) all legal fees and costs incurred by the GCA from the time the Employment Claim was made until the defense was assigned to Gordon & Rees;

  (d) Defendants are required to pay Plaintiffs (or credit the deductible) for the time charged by Plaintiffs' attorney to get Gordon & Rees up to speed; and

  (e) Defendants are required provide *cumis* counsel to Plaintiffs for the Employment Claim.

7. Prejudgment and post-judgment interest according to law;

8. For costs of suit; and

9. Plaintiffs' reasonable attorneys' fees and costs and expenses of this lawsuit; and

10. For such other and further relief as the Court deems just and proper.

Dated: June 10, 2015      GCA LAW PARTNERS LLP

By: *Kathryn C. Curry*
KATHRYN C. CURRY
KENNETH R. VAN VLECK
Attorneys for Plaintiffs
THE NORTHERN CALIFORNIA
GOLF ASSOCIATION and POPPY
HOLDINGS, INC.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated: June 10, 2015      GCA LAW PARTNERS LLP

By: *Kathryn C. Curry*
KATHRYN C. CURRY
E. DAVID MARKS
Attorneys for Plaintiffs
THE NORTHERN CALIFORNIA
GOLF ASSOCIATION and POPPY
HOLDINGS, INC.

- 12 -
COMPLAINT

File No. 32571.318

# CERTIFICATE OF SERVICE

*The Northern California Golf Association, et al. v. Travelers Casualty and Surety Company Of America, et al.,*
USDC – Northern District, San Jose Division Case No. _____

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, California, 94104. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 14, 2015, I served the following document:

**DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S NOTICE OF REMOVAL TO FEDERAL COURT**

I served the document on the following persons at the following address (including a fax number and email addresses, if applicable):

| | |
|---|---|
| Kathryn C. Curry, Esq.<br>E. David Marks, Esq.<br>GCA Law Partners LLP<br>2570 W. El Camino Real, Suite 510<br>Mountain View, CA 94040<br>*Attorneys for Plaintiffs The Northern California Golf Association and Poppy Holding, Inc.* | Tel: 650.428.3900<br>Fax: 650.428.3901<br>Email: kcurry@gcalaw.com<br>dmarks@gcalaw.com |

The document was served by the following means:

☒ **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Dated: July 14, 2015                    /s/ Rosie Nebreda
                                        Rosie Nebreda

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4841-4810-6789.1

**CERTIFICATE OF SERVICE**